CaRUTheRS, J.,
delivered the opinion of the Court.
The father of complainants died in Jackson, in 1889, leaving a will, with defendant his executor, and a large estate. The will was proved and executed by the de *573 fendant. The deceased had been a merchant for a number of years, and had succeeded in accumulating an estate of fifty or sixty thousand dollars. The most of his fortune consisted in money and dioses in action, and the settlement of the business was, necessarily, slow and troublesome. There were a vast number of small debts, and the ultimate loss by insolvencies was very great, probably thirty or forty thousand dollars. The testator left a wife and six children, all of whom were then, and four of them yet, under age. The widow married Rarr, and, on the 24th of January, 1845, they filed their bill in the Chancery Court against the executors and the children, the latter all then being minors, for the settlement of the estate, so far as to obtain the part to which they were entitled under the will, which was one equal seventh in the event of marriage. In .that suit an account of the estate was taken, and the part of the complainants paid over, and the balance retained by the executor in his new character of guardian, which he assumed at the request of- the mother of the children soon after the decree. After that he made his reports and settlements, as guardian, in the County Court.
In 1850, certain real estate was sold upon the petition of Lancaster and Lyon, who had then become guardians of the oldest son. Some, and perhaps most of the property, was bought by one or other of the guardians. This bill was filed on the 3d of March, 1854, for two main objects:
1. To have a general account and settlement of the estate, both as executor and guardian, against Lancaster, charging various specific abuses of his trust.
*574 2. To set aside the sale of the lots in Jackson, and recover them .back, with rents.
As to the first ground, in addition to the general and specific denial of the charges, the defendant relies upon the settlement and decree in the Chancery suit of 1845, as a bar to this bill, so far as it seeks to re-open his accounts as executor. We are not prepared, under the circumstances, to give it that effect, except as to Barr and wife. The other complainants were all infants, and the object of the proceeding was not to assign to them their parts of the estate, but only to obtain the one-seventh of the complainants, and leave that of the minors where it was. A settlement of the whole administration was only necessary for that purpose. It is true that a decree between defendants will be conclusive under certain circumstances and in proper cases, where an antagonism exists between them, so as to make them actors against each other. But we do not regard this as such a case. Against all the rules of propriety, the executor was appointed to act as guardian ad litem for the infants, they having no general guardian at that time. Their interests and his were directly in conflict, and the substance of it was that he assumed to act for them against himself. The fact that his appointment was recommended in the bill can make no difference. It all seems to have been a hurried proceeding, got up by himself. The bill was filed on the 24th of January, 1845, on which day he 'was appointed by the clerk and master, guardian ad litem. But his answer,, as executor, was prepared and sworn to on the 23d; and on the same day, prior to the filing of the bill, and before his appointment, his answer as guardian referring to, and *575 admitting to be correct his answer as executor, was drawn up and sworn to. All this by the same solicitor. Great confidence existed between the parties, and it may be that no wrong was intended. Rut we cannot permit a decree, made under such circumstances, to compromit the rights of the infants.
That is not, therefore, in the way of the relief now sought. It may be further observed that this defence is not set up in the answer with that precision and particularity *which seems to be required by the rules of equity pleading on this subject. But whether that objection alone would prevail under the present relaxation of the rules of pleading, we need not say, as we consider the other ground sufficient.
Much proof has been taken to show that independently of the settlement in the chancery suit, upon the merits, there is no grounds for the account demanded in the bill. That is a matter to be deter mined by reference to the Master. We think the principle settled, and ever since acted upon, in the case of Turney v. Williams, 7 Yer., 212, must govern this. The construction given in that case, and the case of Burton v. Dickinson, 3 Yer., 112, of the act of 1822, ch. 31, we think correct. ' The settlements made by the proper authorities, when infants are concerned, are not in the nature of settled or stated accounts, so as to require surcharging and falsifying before they can be opened, but only prima facie correct, and may be opened for a general account. They are, however, prima facie evidence for the executor in taking the general account, but nothing more.
Wre are of the opinion that that part of the Chan *576 cellor’s 'decree ordering a general account of the administration, is correct, and affirm it to that extent.
But on the second question, we think he erred in setting aside the sale of the lots in Jackson. There are but two objections made to it.
1. That the petition is in the name of the guardian and not the minors. It is in these words: “ Your petitioner, Samuel Lancaster, as guardian for Samuel, James, Mary Eliza, and Sarah Jane Elrod, and Jas. S. Lyon, guardian for Austin Elrod, minor heirs of James Elrod, deceased,” &c. The case is fully set forth, with the reasons for the sale, in the petition signed by an attorney. The reference, proof, reports and decrees are in strict conformity to the requirements of our decisions. The heirs were all then under age, but two of them, after arrival at age, by petition and orders of the Court, fully recognized this proceeding, and took benefits under it. We think there is nothing in this objection to avoid the sale, and, simply, refer to the recent case of Winchester, decided at the last term at Nashville, and reported in 1 Head, fcr the principles which govern it.
There is nothing in the second objection, as held by this Court in the case of Blackmore v. Shelby, 8 Hum., 439. The Court there say, that in sales made by a Court of competent jurisdiction, “the guardian may purchase, and although his conduct -will be watched with jealousy, yet if it be manifest that he acted fairly, with the utmost good faith, and the transaction is free from any imputation of design on his part to gain a benefit to himself, to the prejudice of the interests of his wards, ■such purchase will be held valid.” In this case there is *577 every evidence of fairness and good faith. After the report of the sale, a reference was made and proof taken npon it, and the Oourt held it was fair, the price fall, and promotive of the interest of the heirs.
So much of this decree as annuls the sale of the-lots, will, therefore, he reversed, and that ordering a general account affirmed.
The case will he remanded for taking the account, according to the rules of law and the principles stated in the decree, both as to the executorship and guardianship. Barr and wife will only be entitled to an account for matters since the decree of 1845.